UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON LEE MEYERS,<br><br>    Plaintiff,<br><br>    v.<br><br>AVINA, et al.,<br><br>    Defendants. | Case No. 25-cv-06996-JD<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. Nos. 2, 9 |

    Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also filed a motion to proceed in forma pauperis ("IFP"), but it appears that he is three-strikes barred and cannot proceed IFP pursuant to 28 U.S.C. § 1915(g), unless he is under imminent danger of serious physical injury.

    The Prison Litigation Reform Act of 1995, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). The Ninth Circuit has also found that "the imminent danger exception to § 1915(g) requires a nexus between the alleged imminent danger and a prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). The Ninth Circuit adopted the Second Circuit's "nexus test" from *Pettus v. Morgenthau*, 554 F.3d 293, 299 (2d Cir. 2009). The factors are (1) whether the imminent danger of serious physical injury that a

three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. *Ray*, 31 F.4th at 701. "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Id*.

The following four cases are strikes pursuant to Section 1915(g):

1. *Meyers v. Hurley*, Case No. 11-cv-4282 TEH (N.D. Cal.) (dismissed for failure to state a claim).

2. *Meyers v. Hurley*, Case No. 12-16124 (9th Cir.) (dismissed after the Circuit determined the appeal was frivolous and plaintiff failed to comply with the order to pay the filing fee).

3. *Meyers v. Alameda County Sheriff*, Case No. 09-cv-857 TEH (N.D. Cal.) (dismissed for failure to state a claim).

4. *Meyers v. Brooms*, Case No. 07-cv-4457 TEH (N.D. Cal.) (dismissed for failure to state a claim). The Ninth Circuit affirmed the dismissal. *Meyers v. Brooms*, 430 F. App'x. 628 (9th Cir. 2011) (unpublished).

Plaintiff must show cause why the IFP application should not be denied. He may address the strike cases above or demonstrate that he is under imminent danger of serious physical injury. The Court notes that plaintiff included a declaration of imminent danger. Dkt. No. 4. Plaintiff states that he is in imminent danger due to prison officials attempting to place a cellmate with him. He contends that officials are attempting to place cellmates with him who are violent or sexual predators but provides few allegations in support. He states he and a cellmate "got into a scuffle" and other cellmates were stealing his personal items. Dkt. No. 4 at 4. Plaintiff must present more specific allegations demonstrating that he was under imminent danger when he filed the complaint. He should describe the threats from other inmates, what occurred in the scuffle with his cellmate, and how the named defendants in this action were responsible.

1. Plaintiff will show cause within twenty-eight (28) days, why this case should not be deemed three strikes barred and the application to proceed IFP denied. In the alternative, plaintiff may pay the full $405.00 filing fee by the deadline. Failure to respond will result in the dismissal

2

of this action.

2. Plaintiff's brief motion for a preliminary injunction (Dkt. No. 2) is denied without prejudice. Plaintiff does not present any arguments regarding why he meets the legal standards for such a remedy or how the named defendants in this action can provide relief. He may file an amended motion with more details. The motion to file a supplemental complaint (Dkt. No. 9) is granted. If plaintiff is granted IFP status or pays the filing fee, the Court will review the original complaint and the supplement.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 21, 2025

_____
JAMES DONATO
United States District Judge