United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON LEE MEYERS,<br>Plaintiff,<br>v.<br>AVINA, et al.,<br>Defendants. | Case No. 25-cv-06996-JD<br><br>**ORDER REOPENING CASE AND DISMISSAL** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's motion to proceed in forma pauperis was denied because plaintiff was three-strikes barred pursuant to 28 U.S.C. § 1915(g). The case was dismissed without prejudice due to plaintiff's failure to pay the full filing fee. Plaintiff has since paid the filing fee. The case is reopened, and the Court reviews the complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court will identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that numerous defendants violated his rights. Federal Rule of Civil Procedure 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)). *Accord Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.) "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Rule 20(a)(2)(A) bars joinder of unrelated claims against different defendants. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)); *see also Standley v. Montana*, No. 22-35824, 2024 WL 1253797, at

United States District Court
Northern District of California

*1 (9th Cir. Mar. 25, 2024) (citing *George* with approval).

Plaintiff presents numerous unrelated claims against approximately 29 defendants. Plaintiff first contends that his prison issued electronic tablet was secretly recording him. He arrived at this conclusion because various correctional officers laughed at him and said "the tablet" in his presence, referred to sexual acts he performed in his cell, and labeled him as gay. As a result, other inmates insulted him and he was almost in three fights with other inmates.

He also states that he was the victim of excessive force by several correctional officers, several supervisors falsified records to reflect that plaintiff injured the correctional officers, he is subject to retaliation by other prison staff, the tablet company is violating its terms of use, mental health staff refused to document his concerns, he is subject to racial profiling, the prison grievance system is unconstitutional, he was denied medical care, he was subject to additional falsified disciplinary accusations, and prison staff are conspiring against him.

The complaint is dismissed with leave to amend. Plaintiff is cautioned that unrelated claims against different defendants must be alleged in separate complaints. An amended complaint must focus only on a few related claims. Plaintiff must identify the specific defendants and describe how they violated his rights. He may bring additional claims in separate actions.

**CONCLUSION**

1. The case is reopened. The complaint is dismissed with leave to amend. The amended complaint must be filed within twenty-eight (28) days of the date this order is filed and must include the caption and civil case number used in this order and the words Amended Complaint on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time may result in the dismissal. The Clerk is requested to send plaintiff a blank complaint and IFP form.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to

United States District Court
Northern District of California

do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 15, 2026

JAMES DONATO
United States District Judge